NCC SUNDAY INSERTS, INC., and
Marketing Corporation of
America, Plaintiffs,

v.

WORLD COLOR PRESS,
INC., Defendant.

No. 86 Civ. 9647.

United States District Court,
S.D. New York.

Jan. 5, 1990.

Lefett, Rockwood & Sanders, Westport, Conn. (Dorit S. Heimer, of counsel), for plaintiffs.

Gallop, Johnson & Neuman, St. Louis, Mo. (Thomas Newmark, of counsel), for defendant.

## PROCEEDINGS

GOETTEL, District Judge.

In August 1988, we dismissed Counts 2 and 3 of the plaintiffs' first amended complaint for failure to plead allegations of fraud with particularity. Subsequent to that decision, the plaintiffs filed a second amended complaint. The defendant answered this pleading and the parties proceeded to conduct extensive discovery. Indeed, discovery was to be completed by December 15, 1989, a week ago.

In September 1989, the plaintiffs filed a third amended complaint which revised various factual allegations to conform with evidence adduced during discovery. The defendant has now moved to dismiss Counts 3 and 4 of the third amended complaint, which allege the same claims as Counts 2 and 3 of the first amended complaint, for failure to plead fraud with particularity, or, in the alternative, to dismiss for failure to state a claim.

It is beyond peradventure that the purpose of the Rule 9(b) particularity requirement for fraud allegations is to put the defendant on "notice of precisely what he is charged with." *Goldman v. Beldman*, 754 F.2d 1059, 1070 (2d Cir.1985). This requires the plaintiff to identify the precise statements made that contain misrepresentations, as well as the parties to the conversation and the time and place that the statements were made. *Bresson v. Thomson McKinnon Securities, Inc.*, 641 F.Supp. 338, 346 (S.D.N.Y.1986). The defendant contends that, while the second amended complaint was sufficiently detailed, the revisions made in the third amended complaint remove the requisite element of particularity. Thus, the defendant seeks dismissal of Counts 3 and 4.

The difference between the second and third amended complaints can be summarized quite simply. A central allegation of the fraud claims in the second amended complaint focused on defendant's alleged promise to adjust its prices to NCC in order to bring profits on the NCC contract in line with with those realized on other large accounts. In the third amended complaint, this claim has been altered to allege that defendant promised to adjust its prices if actual experience demonstrated that its costs were lower than anticipated. Third amended complaint, paragraphs 21, 84, 89, 90. The defendant's contention that the plaintiffs' so-called retreat from their initial allegation raises Rule 9(b) problems is unfounded. The plaintiffs' amended allegation may raise different issues of proof, but it does not, by virtue of its character-

ization, render Counts 3 and 4 insufficiently particular.

More troublesome, however, is another change made in paragraph 21 of the third amended complaint. In the second amended complaint, the plaintiffs alleged that the promise to adjust prices was made by Mr. Dawson of World Color Press to Mr. Haley of NCC. In the third amended complaint, however, the allegation has been generalized to read that "World assured NCC repeatedly ..." This was a matter of concern to us on defendant's initial 9(b) motion. In that decision, we noted that the parties were identified only as World and Publisher. "Not stated in any of these examples is who at World made the allegedly false representations, to whom it was made and why the statement was false." *NCC Sunday Inserts v. World Color Press, Inc.*, 692 F.Supp. 327, 329 (S.D.N.Y. 1988). The same problem exists in the current pleading of paragraph 21. We are troubled by the notion that after one year of extensive discovery the plaintiffs are less sure of who made the communications essential to their fraud allegations than they were at the time of their second amended complaint.

Based on counsel's argument today we are advised this was simply and oversight in the drafting which could be corrected. We will, however, give the plaintiffs one more chance to identify the who, what, when and where of the alleged misrepresentation. If they are not able to do so within 20 days, a dismissal of that count with prejudice will be appropriate.

The defendant also challenges the legal sufficiency of the plaintiffs' fraud claims. While we agree that the plaintiffs' complaint presents a weak fraud case, one that attempts to convert contractual claims into fraud, the pleading is not so deficient as to warrant dismissal on the merits at this time. The defendant's challenges may be raised more appropriately in their summary judgment motion planned for early next year.

Consequently, defendant's motion to dismiss the complaint for failure to plead fraud with particularity is granted with respect to the count mentioned above with 20 days leave to replead. In all other respects, the motion is denied.